IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANJAIL MUHAMMAD-YBABES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-091 |
| | ) | |
| WARDEN JODY YANCY; MR. NEWSON, | ) | |
| STG Coordinator; and MS. HARRIS, | ) | |
| Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

When Plaintiff, an inmate at McRae Women's Facility, commenced this case pursuant to 42 U.S.C. § 1983, she sought to proceed *in forma pauperis* ("IFP"). (See doc. no. 2.) The Court denied the IFP motion because the information in the motion indicated Plaintiff had sufficient resources to pay the filing fee and provided Plaintiff twenty-one days to pay the fee or submit a new IFP motion supported by appropriate financial documentation. (See doc. no. 3.) Further, the Court cautioned Plaintiff that failing to timely submit the filing fee or updated IFP motion would result in dismissal of this case. (Id. at 2.) The time to respond has passed, and Plaintiff has not paid the filing fee, submitted a new IFP motion, or provided the Court with any explanation why she has not complied.

I.  DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

      Here, Plaintiff's failure to submit the full filing fee or a new IFP motion, or even to provide the Court with an explanation for her failure to comply with the Court's Order, amounts not only to a failure to prosecute, but also an abandonment of this case.  This is precisely the type of neglect contemplated by the Local Rules.  Furthermore, because Plaintiff originally sought permission to proceed IFP and she never submitted a filing fee in this case, the Court finds that the imposition of monetary sanctions is not a feasible sanction.  The Court also specifically cautioned Plaintiff that failing to submit the required filing fee or new IFP motion would result in dismissal of her case.  In sum, the time to respond has passed, and Plaintiff has

2

not fulfilled the requirements to proceed with this case.   Therefore, Plaintiff's case should be dismissed without prejudice.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of October, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA